# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| Henry L. Mack (B-53412), | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 16 C 50036 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Nedra Chandler, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [5] is granted. The court orders the trust fund officer at plaintiff's place of incarceration to deduct $12.25 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to send a copy of this order to the trust fund officer at the Dixon Correctional Center. On the court's own motion, the court dismisses defendants Haimes and McGowan. The court further directs the Clerk of Court to: (1) file plaintiff's complaint [1]; (2) issue summonses for service on defendants Chandler, Williams, Halfacre, and Winston; and (3) send plaintiff four blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The court advises plaintiff that a completed USM-285 service form is required for each named defendant. The U.S. Marshal will not attempt service on a defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve the defendants.

## STATEMENT

Plaintiff Henry L. Mack, a prisoner currently confined at Dixon Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983, claiming that prison officials subjected him to unconstitutional conditions of confinement because they denied him access to bathroom facilities and violated his First Amendment rights by retaliating against him for filing prison grievances. Plaintiff first alleges that in February 2014, Correctional Officers Haimes and McGowan drove him from a court appearance back to Dixon Correctional Center. Plaintiff alleges that he told the officers upon leaving the courthouse that he needed to use the bathroom, but they told him he would have to "hold it". He alleges that the trip back to the prison was unnecessarily prolonged because the officers stopped at a restaurant and ordered take out. He alleges that when he got back to the prison he had stomach pains and had gone to the bathroom in his pants. Plaintiff next alleges that also in February 2014, Litigation Supervisor Williams, Major Halfacre, and Warden Chandler confiscated all his legal papers regarding both his criminal and civil cases because he had earlier filed grievances. He alleges that Halfacre falsely deemed them

contraband, and that when he complained to Williams, she yelled at him that she knew he had been filing grievances. Lastly plaintiff alleges that in March-April of 2014, Officer Winston harassed, threatened, and wrote false disciplinary tickets against him in retaliation for grievances he had filed about Haimes, McGowan, and Williams. Currently before the court are plaintiff's application for leave to proceed *in forma pauperis* and his complaint for initial review.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $12.25 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here plaintiff has stated a First Amendment retaliation against defendants Chandler, Williams, Halfacre, and Winston. To state a retaliation claim under 42 U.S.C. § 1983, a plaintiff

2

must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotation marks omitted). "A prisoner's retaliation claim is subject to a liberal notice pleading standard" in which the plaintiff need only allege the "bare minimum" facts that "apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response." *Doyle v. Pasquino*, 207 F. App'x 713, 714 (7th Cir. 2006) (citing *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002)). Plaintiff's complaint – presuming the truth of the allegations – meets these liberal notice pleading requirements. First, plaintiff alleged that he engaged in constitutionally protected activity, namely filing numerous grievances. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) ("A prisoner has a First Amendment right to make grievances about conditions of confinement."). Plaintiff then pleaded action allegedly taken in retaliation for his protected activity, namely confiscating his legal documents and writing allegedly false disciplinary tickets against him. *See Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005) (explaining that even conduct that does not independently violate the Constitution can form the basis for a First Amendment retaliation claim, if that conduct is done with an improper, retaliatory motive); *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (same). Plaintiff lastly identified the defendants and explained their involvement in the incidents described. Plaintiff may therefore proceed with a First Amendment retaliation claim against defendants Chandler, Williams, Halfacre, and Winston.

Defendants Haimes and McGowan, however, are dismissed. Plaintiff's allegations that they denied him access to bathroom facilities on one isolated occasion do not rise to the level of a constitutional violation. To establish an Eighth Amendment "conditions of confinement" claim, a prisoner must show (1) a deprivation that is "objectively, sufficiently serious" that he was denied "the minimal civilized measure of life's necessities," and (2) a "sufficiently culpable state of mind" on the part of the defendant official, such as deliberate indifference to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotation marks omitted); *see Budd v. Motley*, 711 F.3d 840, 842-43 (7th Cir. 2013). Courts have routinely held that the temporary denial of bathroom facilities does not meet the objective prong. *See, e.g., Partee v. Cain*, No. 92 C 4838, 1999 WL 965416, *8 (N.D. Ill. Sep. 30, 1999) ("Not being allowed to use bathroom facilities when he needed to and subsequently urinating on himself was undoubtedly unpleasant and humiliating. However, this appears to be nothing more than a temporary inconvenience, which is not a violation of a constitutional right"); *Norman v. Illinois*, No. 07 C 0670, 2007 WL 3037234, *1 (S.D. Ill. Oct. 17, 2007) (no liability where inmate was refused access to a bathroom and soiled himself); *Tolbert v. Sutton*, No. 06 C 0297, 2007 WL 2219082, *1 (S.D. Ill. Jul. 27, 2007) (no liability where inmate taking medication that caused frequent urination was denied use of a bathroom and wet himself). Here the defendants might have handled the situation better, and if the denial of bathroom access had been more frequent or for an extended period of time the complaint might have stated a constitutional claim. *See Stephens v. Cottey*, 145 Fed. App'x 179, 181 (7th Cir. Aug. 17, 2005) (noting that a "short-term deprivation is less serious for Eighth Amendment purposes than a long-term one"). But plaintiff's complaint of a one-time denial of bathroom facilities does not rise to an Eighth Amendment violation.

3

The court directs the clerk to issue summonses for service of the complaint on defendants Chandler, Williams, Halfacre, and Winston. The Clerk of Court is directed to mail plaintiff four blank USM-285 (U.S. Marshals service) forms. The court advises plaintiff that a completed USM-285 form is required for each named defendant. The U.S. Marshal will not attempt service on a defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each defendant, and failure to do so may result in the dismissal of the unserved defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The court appoints the U.S. Marshals Service to serve the defendants. The court directs the U.S. Marshal to make all reasonable efforts to serve defendants. With respect to any former employee of the Dixon Correctional Center who can no longer be found at the work address provided by plaintiff, Dixon officials must furnish the U.S. Marshal with the defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the court file nor disclosed by the U.S. Marshal, except as necessary to serve defendants. The U.S. Marshal is authorized to send a request for waiver of service to defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The court instructs plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any document he files in this court to defendants or to defense counsel if an attorney has entered an appearance on behalf of defendant. Every document submitted by plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the court or returned to plaintiff.

Date: 5/17/2016                    ENTER:

_____
United States District Court Judge

Docketing to Mail Notices. (BF)