IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Henry L. Mack, ) | |
|       Plaintiff, ) | |
| ) | Case No. 16 CV 50036 |
|       v. ) | |
| ) | Judge Philip G. Reinhard |
| Warden Nedra Chandler, et al., ) | |
| ) | |
|       Defendants. ) | |

## ORDER

For the following reasons, the court grants defendants Major William Halfacre's and Becky Williams's motion to dismiss [19] [36]. The court further, *sua sponte*, preliminarily finds the claim against defendant Winstead fails to state a claim. Plaintiff is given until March 9, 2018, to file an amended complaint or file a memorandum in opposition to dismissal as against defendant Winstead only, if he so chooses. If plaintiff fails to respond accordingly by March 9, 2018, this case will be dismissed as against all defendants.

## STATEMENT-OPINION

Plaintiff Henry L. Mack filed suit against Dixon Correctional Center ("DCC") warden Nedra Chandler, correctional officers Haimes, McGowen, and Caleb Winstead, litigation supervisor Becky Williams, and Major William Halfacre. The suit is brought under 42 U.S.C. § 1983 and alleges plaintiff was unlawfully denied the use of a bathroom during an extended trip to and from circuit court and was retaliated against by officers and officials at DCC for filing grievances.

On February 18, 2016, plaintiff filed his *pro se* complaint [1]. In its initial review of plaintiff's complaint on May 17, 2016, the court dismissed defendants Haimes and McGowen from the suit, finding that a one-time denial of bathroom facilities does not rise to the level of an Eighth Amendment claim [7]. On June 5, 2017, the court adopted Magistrate Judge Johnston's report and recommendation and entered plaintiff's oral motion to voluntarily dismiss defendant Chandler [28]. Magistrate Judge Johnston granted defendant Williams's motion to join [36] defendant Halfacre's motion to dismiss (originally filed as a motion to dismiss both defendant Halfacre and defendant Chandler) [19]. On November 20, 2017, plaintiff filed a response to the motion to dismiss [40], and on December 8, 2017, defendants Halfacre and Williams filed a reply [41].

A. Standard of Review

When evaluating a Rule 12 (b)(6) motion to dismiss, the court must "accept[] all well-pleaded facts as true and draw[] all reasonable inferences in favor of the . . . non-moving parties." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (internal citations omitted). "A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Id.* "To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). "The statement of the claim must sufficiently give 'fair notice of what the ... claim is and the grounds upon which it rests' to the defendants." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.' *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013).

B. Factual Background

Plaintiff separates his complaint into three claims. In his first claim, plaintiff alleges that in February of 2014, he was transported to the DeKalb County Courthouse from the DCC by officers Haimes and McGowen. Upon completion of his court appearance, plaintiff requested the use of the bathroom in the holding cell. The correctional officers told plaintiff they were not going to remove plaintiff's restraints, therefore, plaintiff would not be able to use the bathroom. [1] at 6. Plaintiff alleges the correctional officers then took an unnecessarily prolonged trip back to the DCC (including a stop at a restaurant for take-out food) and he, therefore, was not able to use the bathroom until he arrived back at the DCC. *Id*. at 7. This bathroom delay caused plaintiff stomach pain and "mild bowel movement in [his] pants." Plaintiff filed a grievance in relation to this incident. *Id*. at 8. In his second claim, plaintiff alleges (two weeks after the first incident) defendants Williams, Halfacre, and Warden Chandler confiscated a legal transcript in his possession in retaliation of his previously filed grievances. *Id*. at 8-9. Plaintiff claims defendant Halfacre (along with two unknown correctional officers) was sent to plaintiff's cell by defendant Williams and Warden Chandler to collect the transcript that (according to defendants) plaintiff was "not suppose [*sic*] to have." *Id*. at 9. Despite plaintiff's protests that he was allowed to keep it, defendants took the transcript. Plaintiff filed an "emergency grievance" regarding this incident. *Id*.[1]

---

[1] In plaintiff's third claim, he complains that in March-April of 2014, defendant Winstead harassed, threatened, and wrote false disciplinary tickets against him in retaliation of his previously filed grievances against the other defendants. [1] at 10. Plaintiff claims he filed a grievance regarding this incident as well. *Id*. Despite the fact that defendant Winstead has not filed any pleadings in this suit, the court *sua sponte*, preliminarily finds plaintiff's claim against defendant Winstead fails to state a claim. The Seventh Circuit has held that threats by prison

C. Analysis

Plaintiff's claims against defendants Halfacre and Williams are barred by the doctrine of sovereign immunity.

Qualified immunity shields government officials from civil "liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Purvis v. Oest*, 614 F.3d 713, 720 (7th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on a mixed question of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law…If officers of reasonable competence could disagree on the issue [of whether or not an action was constitutional], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiff complains defendants Halfacre and Williams took away a "complimentary copy" of a "legal transcript" that plaintiff was asked to review. Plaintiff states he reviewed the transcript, as requested, and provided an errata sheet to defendant Williams following his review. Plaintiff then took the "complimentary copy" of the transcript back to his housing unit. [8] at 8. In plaintiff's complaint, he acknowledges that defendants believed plaintiff was "not suppose [*sic*] to have" this documents in his possession. *Id.* at 9. Plaintiff asserts the taking of his legal document was in retaliation of his previously filed grievances. *Id.* The court agrees with defendants that plaintiff appears to be arguing the taking of his legal papers violated his constitutional right to access to courts. However, as the Seventh Circuit has noted, "[w]ith respect to [plaintiff's] assertion that the loss…by defendants of [plaintiff's] legal papers…deprived him of access to the courts, we conclude…that [plaintiff's] allegations fail to rise to the level of a cognizable constitutional violation." *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987). Such is the case here. As noted, plaintiff states in his complaint that defendants believed plaintiff was not to be in possession of the legal transcript. Whether or not defendants were mistaken in their belief regarding plaintiff's alleged rightful possession of the document is immaterial; they performed their duties "reasonably." Plaintiff's allegations that defendants Halfacre and Williams confiscated his legal transcript (after he reviewed it and provided an errata sheet) do not rise to the level of a constitutional violation. Therefore, defendants Halfacre and Williams are entitled to qualified immunity for their actions and are dismissed from this action.[2]

---

guards do not amount to retaliation since they would not (and here, did not) deter future grievances from a prisoner. *Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008).

[2] In his response to defendants' motion to dismiss, plaintiff argues defendants Halfacre and Williams are not entitled to qualified immunity because they were both "directly involved" in the

The court grants defendants Halfacre's and Williams's motion to dismiss. The court further, *sua sponte*, preliminarily finds plaintiff's claim against defendant Winstead fails to state a claim. Plaintiff has until March 9, 2018, to file an amended complaint or file a memorandum in opposition to dismissal as against defendant Winstead only, if he so chooses. If plaintiff fails to respond accordingly by March 9, 2018, this case will be dismissed as against all defendants.

Date: 2/07/2018        ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

confiscation of the legal document. [40] at 1. Plaintiff does not make a legally appropriate argument. Regardless, the facts contained in plaintiff's complaint fail to overcome defendants' immunity from this suit.